690 So.2d 864 (1997)
STATE of Louisiana, Plaintiff-Appellee,
v.
William Matthew CALLAHAN, Defendant-Appellant.
No. 29351-KA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1997.
Indigent Defender Board by John M. Lawrence, for Defendant-Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Randall Smith, J. Spencer Hays, Assistant District Attorney, for Plaintiff-Appellee.
Before MARVIN, C.J., and STEWART and GASKINS, JJ.
MARVIN, Chief Judge.
In Callahan's original appeal, we affirmed defendant's conviction and 30-month sentence for attempted possession of marijuana with intent to distribute. State v. Callahan, 26,811 (La.App.2d Cir. 5/10/95), 655 So.2d 608. After resentencing on remand by the supreme court (State v. Callahan, 95-1331 (La. 3/29/96), 671 So.2d 903),[1] Callahan again contends a 30-month hard labor sentence is excessive.
The facts are set forth in the original appellate opinion. In sum, Callahan was arrested after he negotiated with undercover *865 narcotics agents to purchase 12 pounds of marijuana for $900 per pound.
Defendant contends the trial court did not give sufficient weight to allegedly mitigating matters, did not consider the alternatives of imposing a suspended sentence and did not consider imposing a fine instead of a jail term. The matters which defendant contend constitute mitigation were presented and considered by the court at the hearing on defendant's motion for reconsideration of sentence.
There is no requirement that specific matters be given any particular weight. The record makes clear that the court considered these matters urged by the defense. The record also belies the claim that the court did not consider a lesser sentence. At the reconsideration hearing, the court devoted over half of its discussion to the circumstances that made this a very serious offense for which a suspended sentence would be inappropriate. The court also noted that although defendant was financially capable of paying a large fine, to impose one in lieu of a period of incarceration would not serve the criminal justice system. Finding Callahan's factual assertions of mitigation without merit, we turn to the claim of constitutional excessiveness.
A trial court has wide discretion to sentence within statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied; State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94), 631 So.2d 555.
A trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that the statutory circumstances were considered. La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983).
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or purposeless and needless. State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one's sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989).
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The court may consider whatever factors and evidence are deemed important to a determination of the best interest of the public and the defendant. State v. Woodman, 28,004 (La. App.2d Cir. 1/24/96), 666 So.2d 1255, review denied; State v. Tully, 430 So.2d 124 (La. App.2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).
The trial court reviewed a presentence investigation report which detailed all the statutory factors. The court gave an over-view of the facts of the case, noting that this first felony offender had lied to investigating officers when he was first arrested but later admitted his culpability; he had made no showing of remorse; he was armed at the time of offense; he admitted to drug experimentation while in the military and falsely claimed to be a Viet Nam veteran; and he was not eligible for the Intensive Incarceration Program due to pins having been surgically placed in one of his knees. The court deemed that the quantity of marijuana involved and the fact that defendant was armed indicated he was a threat to society. The court considered in mitigation the factors suggested by defendant, including his ownership of a plumbing business.
After reviewing the circumstances of the instant case with the constitutional criteria, we simply do not find the sentence excessive.[2]
Our error patent review disclosed the sentencing judge failed to give defendant credit for time served. La.C.Cr.P. art. 880. Accordingly, we amend to allow defendant such *866 credit. State v. Butler, 25,563 (La.App.2d Cir. 1/19/94), 631 So.2d 22; State v. Hughes, 587 So.2d 31 (La.App.2d Cir.1991), writ denied, 590 So.2d 1197 (La.1992). No other error patent was noted.
The sentence is affirmed.
AFFIRMED.
NOTES
[1] The State charged the attempt under La.R.S. 14:27 rather than La.R.S. 40:979.
[2] Defendant's effort to show that his sentence is disproportionate to those imposed in other cases is of no avail. There is no proportionality guarantee in non-capital cases unless the reviewing court finds the sentence is grossly disproportionate to the circumstances of the offense. Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).