754 So.2d 392 (2000)
STATE of Louisiana, Appellee,
v.
Michael Alane JONES, Appellant.
No. 33,111-KA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 2000.
Michael O. Craig, Benton, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Joseph A. Gregorio, David Griffith, Asst. Dist. Attys., Counsel for Appellee.
Before BROWN, STEWART and DREW, JJ.
STEWART, J.
The defendant, Michael Alane Jones, pled guilty to one count of distribution of a Schedule II controlled dangerous substance, a violation of La. R.S. 40:967(A), and was sentenced to 20 years at hard labor. Thereafter, the trial court denied the defendant's motion to reconsider the sentence. The defendant now appeals his sentence as excessive. We affirm.

FACTS
On January 20, 1998, the defendant sold "crack" cocaine from his Haughton residence to an undercover police officer. Two days later, on January 22, 1998, the police executed a search warrant on the defendant and found him to be in possession of approximately 15 rocks of "crack" cocaine.
Thereafter, the defendant was charged with one count of distribution of cocaine *393 and with a second count of possession of cocaine with intent to distribute, both violations of La. R.S. 40:967(A). The defendant, who had been convicted in March 1992 of simple possession of cocaine in violation of La. R.S. 40:967(C), was also charged as a multiple offender pursuant to La. R.S. 40:982, which provides for enhanced penalties for second or subsequent drug-related offenses. As a result of these charges, the defendant's maximum sentencing exposure increased from 60 to 120 years.
The state agreed to dismiss the possession charge and to reduce the distribution charge to a first offense in exchange for the defendant's guilty plea thereto. This plea agreement reduced the defendant's sentencing exposure to no less than 5 years and no more than 30 years. The defendant entered a guilty plea. After completion of a pre-sentencing investigation ("PSI"), the trial court sentenced the defendant to 20 years at hard labor and agreed to allow the defendant to serve the sentence concurrently with time being served on a probation violation. After the trial court denied the defendant's motion to reconsider the sentence, the defendant appealed claiming his sentence is constitutionally excessive.[1]

DISCUSSION
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La. App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence, the trial court reviewed the PSI report. The trial court considered the facts of the case and noted that the defendant's plea bargain not only secured the dismissal of one charge and a reduction of the other charge, but also reduced the defendant's sentencing exposure. The PSI revealed that the defendant's adult record began in 1987 with traffic violations. He was charged in 1991 with possession of cocaine with intent to distribute but was allowed to plead guilty to simple possession. For the simple possession conviction, the defendant received a 3 year suspended sentence with 3 years of supervised probation. Probation was subsequently revoked. The defendant's record also includes arrests for aggravated assault and illegal carrying of a weapon. These charges were nol prossed, but the state did obtain an extension of the *394 defendant's probation. The PSI, when written, showed that the defendant also had pending charges involving cocaine and drug paraphernalia. However, those charges were nol prossed when the defendant entered his guilty plea in the instant case. The trial court noted that the defendant was on probation at the time of the instant offense. He fled the trial court's jurisdiction after being granted bail and was arrested in Texas as a fugitive. Additionally, the court noted that the defendant was actually a second felony offender with a prior drug conviction.
Shortly before his sentence was imposed, the defendant's girlfriend gave birth to his child. The trial court noted that the child had been conceived after the instant offense and that the defendant had not married the child's mother. In mitigation, the trial court noted that the child would not grow up with the defendant's presence. However, the trial court opined that the lack of defendant's presence in the child's life might not be a disadvantage since the child would not be raised in an environment in which cocaine was being trafficked.
The trial court determined that the defendant was in need of incarceration treatment and that a lesser sentence than 20 years would deprecate the seriousness of the offense. The trial court found no justification for the defendant's criminal conduct.
The defendant urges in his brief that the trial court erroneously placed "great emphasis" on prior arrests and pending charges which were nol prossed, and upon the fact that this was his second drug-related conviction. These claims lack legal merit. There is no requirement that specific matters be given any particular weight. State v. Berry, 29,945 (La.App.2d Cir.10/29/97), 702 So.2d 33; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. Past records of drug offenses should weigh heavily in the decision to uphold the imposition of maximum sentences. State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1113 (La.1992).
The defendant also argues that the trial court failed to consider, in mitigation, that he freely took responsibility for his act of absconding from the state while on probation. However, any positive consideration for the claimed act of contrition is outweighed by the fact that the defendant fled in the first instance and that he was apprehended as a fugitive. Additionally, we note the benefit received by the defendant from the trial court's order that the sentence imposed for the instant conviction would be served concurrently with the probation revocation sentence. This claim, too, lacks merit.
Our review of the entire sentencing colloquy shows adequate consideration of the defendant's personal and criminal history. The defendant, age 33, has a prior drug conviction and fled the trial court's jurisdiction after being released on bail. He received substantial benefit from his plea bargain, which reduced his maximum sentencing exposure from 120 to 30 years. The sentence imposed is lawful, not grossly disproportionate to the severity of the offense, and not shocking to the sense of justice. We conclude that this matter presents no manifest abuse of the trial court's broad discretion, and we find that the sentence of 20 years is not constitutionally excessive.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] La. R.S. 40:967(B)(4)(b) provides the applicable sentence which is "imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being served without benefit of parole, probation, or suspension of sentence...." The trial court did not order that the defendant serve the first five years of his sentence without benefit, and the state has not appealed this sentencing error. As such, we may not correct this illegality nor may we remand the matter for re-sentencing. State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La.App.2d Cir.8/17/94), 642 So.2d 679.