|, BROWN, J.
Defendant, W.C. Clark, pled guilty to one count of distribution and one count of possession of cocaine in exchange for the state’s agreement to nol pros five other related charges of distribution of cocaine. The trial court imposed concurrent, hard labor sentences of five years on the possession charge and ten years on the distribution charge. Defendant’s motion to reconsider was denied (as was an untimely amended motion to reconsider). Defendant now appeals as excessive his ten-year sentence, urging also that the court failed to give sufficient weight to his age and ill health. Finding no error, however, we affirm.

Discussion

On March 14, 1998 defendant, in two transactions within five minutes of each other, sold two rocks of crack cocaine to an undercover police officer. On March 21, 1998 defendant, in four separate transactions, sold a total of eight rocks of crack cocaine to two undercover agents. When the officers executed a search warrant at defendant’s residence, they found three more rocks of crack cocaine. Scientific analysis confirmed the substances to be cocaine.
Defendant, charged with six counts of distribution and one count of possession, pled guilty to one count of distribution and one count of possession. On appeal, defendant urges that his ten-year sentence is excessive.
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
LA trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/2/97), 691 So.2d 345.
Prior to imposing sentence, the trial court reviewed a pre-sentence investigation report which discussed the facts of the case and defendant’s background. The judge noted that he had known defendant for years and credited him with having done a lot of unspecified “good.” However, he pointed out that defendant had been convicted in 1951 of aggravated arson, aggravated robbery and manslaughter. In 1979, defendant bargained a first degree murder charge down to manslaughter. Defendant had numerous other charges which had been dismissed with no action taken. The court was concerned that the instant case involved six counts of distribution of cocaine. The court found that the minimum sentence of five years was not sufficient in this case and stated that a younger and healthier defendant would be sentenced to significantly more time in prison. Therefore, the court imposed concurrent sentences of five and ten years on the two offenses of conviction.
On this record we do not find constitutional error. The record clearly shows that the court considered defendant’s age and his claims of ill health and gave those matters appropriate consideration. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.03/01/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979.
Defendant, 66 years old at the time of the instant offenses, is a third felony offender who stated that he became a drug dealer to make money to pay his utility bills. He received a substantial benefit *698 from his plea bargain which significantly reduced his maximum sentencing exposure. The term imposed is a mere one-third | e¡of the maximum available to the trial court under the statute of conviction. We note also that the court showed leniency by directing that the sentences be served concurrently.
Under the circumstances of the case, and considering defendant’s background, the sentence imposed does not shock our sense of justice nor does it constitute an abuse of the trial court’s sentencing discretion. Therefore, the sentence is not constitutionally excessive.
The trial court informed defendant that the prescriptive period for post-conviction relief is “three years” from the date the judgment becomes final. The correct prescriptive period is two years. La. C.Cr.P. art. 930.8 as amended after the entry of defendant’s guilty plea and sentencing. The trial court is hereby directed to send appropriate written notice to defendant within 30 days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record of the proceedings.
We also note that during the guilty plea, the trial court failed to advise defendant that the mandatory minimum sentence on the drug distribution charge had to be served without benefit of parole. Because La. R.S. 15:574.4 A(1) provides that a person convicted of a third or subsequent felony and committed to the Department of Public Safety and Corrections shall not be eligible for parole, this error is harmless.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are affirmed.
AFFIRMED.