772 So.2d 299 (2000)
STATE of Louisiana, Appellee,
v.
Ester EBARB, Appellant.
No. 34,010-KA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2000.
*300 Carey J. Ellis, III, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Joseph Greenwald, Jr., Tommy Johnson, Assistant District Attorneys, Counsel for Appellee.
Before NORRIS, C.J., and BROWN, and CARAWAY, JJ.
BROWN, J.
A jury found defendant, Ester Ebarb, guilty as charged of one count of "exploitation of the infirmed," a violation of La. R.S. 14:93.4. The trial court sentenced defendant to five years at hard labor and imposed a fine of $500 plus costs, with 90 days to be served in default of payment. Following the denial of her timely motion for reconsideration of sentence, defendant appeals, urging that her sentence is excessive, that the trial court failed to adequately articulate its reasons for sentence and that the fine and costs must be deleted due to defendant's indigence. We affirm the conviction and sentence but remand for a determination of defendant's indigency.

Discussion
During the period from August 1998 to March 1999, defendant was employed as a caregiver for the elderly victim, Clifford Henderson. The victim was 78 years old, legally blind and suffering from lung cancer at the time. During the abovementioned seven-month period, defendant wrote checks to herself from Henderson's bank account. Defendant fraudulently induced Henderson to sign some of the instruments and forged Henderson's signatures on others. Further investigation disclosed that defendant had used Henderson's credit card to *301 charge at least 156 out-of-town and out-of-state purchases with a total in excess of $9,900. The estimated losses the elderly victim realized as a result of defendant's actions were over $18,000.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La. App.2d Cir.04/2/97), 691 So.2d 864.
Prior to imposing sentence, the trial court considered the facts of the case and the permissible sentencing range. The court found that the victim was a fragile, vulnerable, elderly senior citizen and that defendant "stole him blind." Defendant had admitted to taking $10,000 of the victim's property. In doing so, she had violated a position of trust, yet she had not shown any remorse. The thefts had occurred over a lengthy period of time. The court found no justification for defendant's acts, but did find that there was a need for correctional treatment and that a lesser sentence would deprecate the seriousness of the offense. The court concluded by noting that defendant is 45 years old and had two outstanding charges of issuing worthless checks.
Defendant urges that the trial court did not give sufficient weight to the fact that this offense did not involve injury or violence upon any person. This argument apparently refers only to physical injury, since the victim clearly suffered economic injury at a time in his life when he is unable to recover from the losses caused by defendant. The law is clear that there is no requirement that specific matters be given any particular weight at sentencing. State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979; State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392.
On this record, we do not find constitutional error. Defendant violated a position of trust and defrauded a vulnerable victim. The sentence imposed is at the mid-range point of the potential exposure which defendant faced. The term of imprisonment, five years, is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. Therefore, we do not find the incarceration portion of the sentence to be constitutionally excessive.
On the other hand, an indigent defendant may not be subjected to imprisonment because she is unable to pay a fine which is part of her sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991). The Monson court, dealing with a sentence providing for a jail term in the event the defendant failed to make "restitution," transferred the application for supervisory writs to the trial court for a determination of indigency, stating that "if relator is found to be indigent, the trial court is ordered to delete only that portion of his sentence which provides for a jail term in the event of default of payment." State v. Monson, supra at 518. Accord, State v. Collins, 32,409 (La.App.2d Cir.9/22/99), 763 So.2d 618.
Therefore, we remand for a hearing to determine whether defendant is actually unable to pay the fine and costs imposed. Should the trial court find that defendant is unable to pay, that portion of the sentence which imposes default time in lieu of payment shall be deleted. We note, however, that La.C.Cr.P. art. 886 permits the state to enforce collection of the amount owed in the same manner as a money *302 judgment in a civil case. See State v. Monson, supra; State v. Collins, supra.
We have examined the record for error patent and found none.
The defendant's conviction and sentence are affirmed. The matter is remanded to the trial court for a determination of indigency.
AFFIRMED and REMANDED.