799 So.2d 698 (2001)
STATE of Louisiana, Appellee,
v.
Thomas Edward GEER, Jr., Appellant.
No. 35,226-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
*699 Peggy J. Sullivan, Monroe, Michael O. Craig, Benton, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, James M. Bullers, District Attorney, Robert R. Smith, Assistant District Attorney, Counsel for Appellee.
Before WILLIAMS, PEATROSS and DREW, JJ.
WILLIAMS, J.
The state charged the defendant, Thomas Geer, Jr., with burglary of an inhabited dwelling, but agreed not to file a habitual offender bill and to reduce the charge to simple burglary in exchange for defendant's guilty plea to the amended charge, a violation of LSA R.S. 14:62 punishable by no more than 12 years imprisonment at hard labor. The district court sentenced defendant to serve five years at hard labor and denied a timely motion for reconsideration of sentence. Defendant argues his sentence is excessive. We affirm.

FACTS
The matters of record show that on February 8, 2000, defendant and a juvenile companion broke into a residence in Haughton. They stole a computer and numerous other items, including a rifle, from the home. The stolen property, other than the victim's wallet, was found hidden in a nearby field. Defendant was interviewed after his fingerprints were found on the stolen property. He confessed to committing the burglary and said he did it because he needed some quick cash. He was carrying the victim's wallet when he was arrested.
On appeal, defendant urges that the district court failed to give sufficient consideration to his youth and to the fact that the stolen items were recovered. Defendant also complains that the court should have considered as mitigating circumstances the fact that he cooperated with the police and identified the other perpetrator of the burglary.

DISCUSSION
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record indicates the court was aware of the matters referred to by appellate defense counsel.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating *700 circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1; State v. Lanclos, 419 So.2d 475 (La.1982). Our review of the record discloses that the court adequately articulated its reasons for sentence.
The second prong of the test, i.e., to determine whether the sentence imposed is too severe, depends on the circumstances of the case and the background of the defendant. A sentence violates LSA Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Prior to imposing sentence the district court reviewed a Pre Sentence Investigation ("PSI") report and considered the facts of the case. The court noted that defendant pled guilty to a reduced charge. He had a prior conviction for simple burglary and was on parole when he committed the instant offense. The court stated that because defendant had carried a firearm during the commission of the offense the evidence would support a conviction for aggravated burglary. The defendant was 20 years old and was a second felony offender. He was unemployed prior to his arrest. He was not recommended for probation due to his second-offender status. The court found there was no justification for defendant's misconduct and he was in need of custodial treatment.
On this record, we do not find sentencing error. Defendant, 20 years old at the time of the instant offense and a high school graduate, is a second felony offender with a prior conviction for the same offense that brought him before the bench on this occasion. He was on parole when he committed this offense which indicates he has not properly taken advantage of prior rehabilitative efforts. Defendant obtained a significant reduction in sentencing exposure when the state reduced the charge to simple burglary and agreed not to charge him as a habitual offender. The sentence imposed is less than one-half of the 12-year term of imprisonment which could have been imposed under the statute.
The sentence imposed is lawful. It is neither grossly disproportionate to the severity of the offense committed nor is it shocking to the sense of justice. There is no showing that the trial court abused its discretion in imposing this sentence. The sentence is not constitutionally excessive. Therefore, the court did not err in denying the motion for reconsideration of sentence. The assigned errors lack merit.
We have examined the record for error patent and found none.

DECREE
The conviction and sentence are affirmed.
AFFIRMED.