_[iKOSTELKA, J.
Jimmy T. Conner (“Conner”) pled guilty to possession of cocaine with intent to distribute, La. R.S. 40:967, in exchange for the state’s agreement to dismiss charges of possession of marijuana with intent to distribute and conspiracy to distribute marijuana and cocaine. The trial court imposed a seven-year hard labor sentence, the first five years without benefit of parole, probation or suspension of sentence, and denied a timely motion to reconsider sentence. Conner appeals his sentence as excessive. We affirm.
On November 23, 1999, Louisiana State Police made a routine traffic stop of the vehicle driven by Conner on I 20 in Webster Parish, Louisiana.[1] A consensual search of the car disclosed large quantities of marijuana and cocaine.
On appeal, Conner argues that the imposed sentence is excessive due to the trial court’s failure to give sufficient weight to his age, family background, the hardship caused by his incarceration, his gainful employment, education and lack of a criminal history.[2]
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
*347 For the crime of possession of cocaine with intent to distribute, Conner faced a sentencing range of five to thirty years. La. R.S. 40:967 B(4)(b).
| gRegarding the mitigating factors, there is no requirement that the trial court give specific matters any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392, writ denied, 2000-1467 (La.02/02/01), 783 So.2d 385. Nevertheless, in this case, the record shows that the trial court was aware of the matters urged by Conner prior to imposing sentence. Nor do we find the imposed sentence constitutionally excessive. Conner is a mature college graduate who possessed a large amount of controlled dangerous substances. He received a substantial benefit from his plea agreement which greatly reduced his potential sentencing exposure. We recognize, as did the trial court, Conner’s age, lack of criminal history and the hardship his incarceration will cause his wife and child. Nevertheless, when balanced against the seriousness of the offense and the amount of controlled dangerous substances involved, we can find no abuse of discretion in the trial court’s choice of punishment. It was the criminal consequences resulting from Conner’s conscious decision to transport drugs that brought about the harm to his family and career. In these circumstances, the low-end choice of a sentence is not inappropriate for this offender. Accordingly, we affirm the sentence.
AFFIRMED.

. A second vehicle was also stopped and the driver and occupants were arrested.

. In brief the state argues that Conner agreed to the imposed sentence as part of the plea bargain. This is completely unsubstantiated by the record and is, therefore, disregarded by the Court.