J^LOLLEY, J.
Jamie K. Swilley (“Swilley”) pled guilty to possession of methamphetamine and received a sentence of three years at hard labor. La. R.S. 40:967. After the denial of a timely motion to reconsider sentence, Swilley appeals her sentence as constitutionally excessive. For the following reasons, we affirm.
Facts
In August 2002, Swilley was taken to the DeSoto Parish Sheriffs Office by a concerned family member, whose vehicle she had been using, after she admitted that she had been using methamphetamine. At that office, Swilley said she had metham-phetamines in the vehicle. A consent search of the vehicle disclosed two plastic bags containing approximately 11 grams of methamphetamine. A consent search of the residence where Swilley was living disclosed gram scales, 21 empty zip lock baggies identical to those found in the vehicle, several syringes, snorting straws, a crack pipe and a spoon with powder residue.
Swilley was initially charged with one count of possession of methamphetamine *1270 with intent to distribute, a violation of La. R.S. 40:967 punishable by imprisonment at hard labor for not less than two nor more than thirty years without benefits. She agreed to plead guilty to a charge of simple possession, a lesser violation of La. R.S. 40:967 punishable by no more than five years at hard labor plus an optional fine of no more than five thousand dollars. The trial court sentenced Swilley to serve three years at hard labor and denied a timely motion for reconsideration of sentence. This appeal by Swilley ensued.
|2Discussion
On appeal, Swilley argues that her sentence is excessive, the trial court did not adequately articulate its reasons for the sentence and the court did not give adequate consideration to certain matters in mitigation. Specifically, Swilley states that she was “only” 24 at the time of sentencing, she had a five-year-old daughter, and she had an ongoing drug problem; For the following reasons, we determine that this assignment of error is without merit.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. -894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Gay, 36,357 (La.App.2d Cir.10/23/02), 830 So.2d 356, citing, State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and ’needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in-light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe the conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, a reviewing court may not set aside a sentence. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Here, prior to imposing sentence, the trial court reviewed a PSI report. Swilley’s medical records indicated she had *1271 a long-term problem with drug abuse. Swilley had successfully completed a drug court program arising from an incident in 1999; however, she admitted to having relapsed. The trial court stated it had considered the sentencing guidelines and found Swilley was in need of treatment. Additionally, Swilley has one five-yearjold4 daughter who lives with the child’s father and stepmother as a result of Swilley’s drug problems.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.03/01/00), 754 So.2d 392, 394, writ denied, 2000-1467 (La.02/02/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979. The record clearly demonstrates the trial court was aware of the mitigating matters urged by the defense prior to imposing the sentence.
Nor do we find constitutional error in Swilley’s sentence. She was of adult age when she committed the instant offense. The plea bargain reduced her sentencing exposure substantially on the major drug charge and obtained the dismissal of a drug-related charge as well as other charges from a non-related case. The PSI report informed the trial court of Swilley’s social history, her education and her work record. Furthermore, the PSI indicates that Swilley had prior arrests involving Schedule II CDS and drug paraphernalia.
The sentence imposed on Swilley is in the middle of the range which was available to the trial court by statute and, therefore, is lawful. Considering Swilley’s record and the totality of the circumstances of this case, we find the sentence imposed is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the trial court’s discretion in the imposition of this sentence which is not constitutionally excessive, and this | ¡¡assignment of error has no merit. Moreover, the trial court did not err in denying Swilley’s motion for reconsideration of sentence.
Conclusion
For the foregoing reasons, Jamie K Swilley’s conviction and sentence are hereby affirmed.
AFFIRMED.