WILLIAMS, J.
The defendant, Brian Cooper, was indicted by a Webster Parish grand jury with one count of first degree murder, a violation of LSA-R.S. 14:30(A)(6), and the state filed a formal notice of its intent to seek the death penalty. The state also charged the defendant with conspiracy to distribute cocaine, a violation of LSA-R.S. 40:967 and 14:26. Pursuant to a plea bargain, the defendant pled guilty to the amended charges of manslaughter, a violation of LSA-R.S. 14:31, and attempted distribution of cocaine, a violation of LSA-R.S. 40:967 and 14:27. The state also agreed to a ten-year cap on the attempted distribution of cocaine charge.
Subsequently, the district court sentenced defendant to serve twenty-five years at hard labor on the manslaughter conviction, and imposed a concurrent sentence of ten years on the attempted distribution of cocaine conviction. Following the denial of his timely motions for reconsideration, defendant challenges the twenty-five-year sentence as excessive. He also argues that the trial court did not give adequate consideration to certain mitigating matters and did not adequately articulate its reasons for sentence. We affirm.
The matters of record show that on February 14, 2000, Correando Thompson, Darrick Tubbs and the victim, Tina Meadows, went to the Minden residence of A1 Cooper to sell cocaine. At the residence, A1 Cooper and Thompson had an argument about the quality of the cocaine. According to one witness, Mario West, who was with Cooper, pulled a gun. At that point defendant stabbed the unarmed victim, Meadows. She staggered into the street, and ultimately bled to death from a cut jugular vein. Tubbs, AlpCooper, Mar *893 io West and the defendant surrendered themselves to the police two days later. At that time, defendant and his brother A1 said Meadows had pulled a gun first. Defendant claimed he tried to take the gun from her and then stabbed her.
Defendant now argues that his manslaughter sentence is excessive and that the court did not give adequate consideration to the mitigating factors of his young age, his first offender status and his mental condition which included a lack of insight and social skills, but which, although characterized by appellate defense counsel as “paranoid,” was not delusional. We also note that the psychologist who examined defendant found his judgment was “generally good.”
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Here, the record shows an adequate factual basis for the sentence imposed.
laWhether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Prior to imposing sentence, the court listened to a statement from the victim’s family members and read to them a letter from defendant in which he expressed his remorse. The court pointed out to the family members that the law requires the defendant to serve at least 85 percent of the sentence imposed. The court then considered the facts of the case, noted there was no evidence of a hostile act on the victim’s part, and concluded that this was “basically a drug deal that went bad.” The court noted that defendant, then 21, was a first felony offender, but also noted that the taking of a human life was a serious offense.
|/There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record clearly demonstrates the trial court was aware of the mitigating matters urged by the defense prior to imposing sentence.
On this record, we do not find constitutional error. Defendant was of adult age *894 when he committed the instant offense. The sentence imposed is a mere five years more than one-half of the sentencing range which was available to the court. The sentence imposed is lawful. Considering defendant’s record and the totality of the circumstances of this ease, we find the sentence imposed is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence. It is not constitutionally excessive.
The defendant’s convictions for manslaughter and attempted distribution of cocaine, and their respective sentences are affirmed.
AFFIRMED.