JjLOLLEY, J.
After his trial commenced, defendant Dominique Dewayne Dearbone (“Dear-bone”) pled guilty as charged to two counts of robbery while armed with a firearm (La. R.S. 14:64 and 14:64.3) and one count of second degree kidnapping (La. R.S. 14:44.1). For each armed robbery count, the trial court imposed sentences of 55 years at hard labor without benefit of parole, probation or suspension of sentence, to run concurrently, plus the 5-year consecutive enhancement on each count for use of a firearm. Additionally, Dearbone was sentenced to a 30-year sentence for the kidnapping offense, without benefit of parole, probation or suspension of sen *881 tence, to run concurrently with the armed robbery sentences. Following the denial of his timely motion for reconsideration, Dearbone appealed the sentence as excessive. For the following reasons, we affirm.
Facts
The defendant herein was involved in a series of vicious armed robberies in Shreveport, Louisiana. Specifically, the matters of record show that on June 1, 2002, Dearbone and an accomplice, while armed with a revolver, forced entry to the room of an elderly couple at a Shreveport motel. They demanded and received $200 from the couple and struck the man in the mouth with the firearm, causing him to lose consciousness and to sustain permanent injury. One week later, on June 8, 2002, Dearbone accosted a handicapped woman in the parking lot of a different Shreveport motel and, at gunpoint, while threatening to kill her, forced her to drive to an ATM to withdraw cash. In addition to taking $700 in cash, Dearbone also took the victim’s ID, jewelry, a camcorder and a portable CD player.
| ¡.Subsequently, all the victims made positive identifications of Dearbone. Additionally, he made admissible inculpatory statements to various individuals, sold the stolen goods to other persons in the neighborhood and, after questioning, made a confession to both robberies.. He later pled guilty to the crimes, for which he was sentenced as stated herein. On appeal, Dearbone argues that his sentence is excessive and that the trial court did not give adequate consideration to the mitigating factors of his young age and that he had a “harsh” upbringing without parental guidance or supervision.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that she adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641. Here, the instant record shows an adequate factual basis and adequate articulation of the reasons for the sentence imposed.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is [¡¡considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864. Moreover, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392, writ denied, 2000-1467 (La.02/02/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1753 (La.05/16/00), 769 So.2d 1158.
In this case, prior to imposing sentence, the trial court considered a PSI report, as well as extensive testimony from the vie- *882 tims concerning the facts of the offenses. The trial court also heard testimony from Dearbone and his mother regarding his background.
So considering, the trial court found there was overwhelming evidence of guilt of all offenses, noting that Dearbone exhibited extreme and deliberate cruelty to his three victims, all of whom were particularly vulnerable due to age or handicap. Furthermore, the trial court noted that Dearbone had lied on several occasions, including when he once named his accomplice then recanted. The trial court found there was an undue risk of the commission of other offenses unless defendant was given a lengthy [ ¿prison sentence, and that he was in need of custodial treatment — a lesser sentence would deprecate the seriousness of the offenses. The court further noted that defendant had used threats of violence and actual violence in the commission of the offenses. Dearbone’s crime had resulted in significant permanent physical injury to the male victim of the first robbery. Finally, the only mitigating factors the trial court found were Dear-bone’s age, a lack of parental guidance, and the absence of any prior felony convictions. In making its final determination regarding Dearbone’s sentence, the trial court noted that defendant was 19 at the time of sentencing and had quit school after the eighth grade. He was single and had no dependents. Dearbone blamed his mother, crack cocaine, and his girlfriend for the offenses.
On this record and considering the applicable jurisprudence, we do not find constitutional error. The sentences imposed are lawful. The evidence shows Dearbone selected vulnerable victims whom he terrorized with his deliberate and manifest cruelty, including threats of death and the infliction of a permanent physical injury in the commission of his offenses. The trial court extended great lenience in ordering the sentences to be served concurrently, even though they involved different victims and occurred on different dates. Moreover, the trial court did not err in failing to place more emphasis on Dearbone’s background. Sadly, many people in our society share similar childhood backgrounds as Dearbone, but do not resort to the same vicious and cowardly criminal actions as he. Dearbone argues, in effect, that he should be shown leniency because society failed 1 shim; however, in this case, Dear-bone utterly failed society, and his particular sentence appropriately fits the crimes and his circumstances.
Thus, considering the totality of the circumstances of defendant’s background and the facts of the case, the cumulative sentence imposed is neither grossly disproportionate to the severity of the offense of conviction, nor is it shocking to our sense of justice. There is no showing of an abuse of the district court’s broad discretion in the imposition of this sentence, which is not constitutionally excessive. See State v. Sanborne, 02-257 (La.App. 5th Cir.10/16/02), 831 So.2d 320, writ denied, 2002-3130 (La.09/26/03), 854 So.2d 346. The convictions for armed robbery and second degree kidnapping and the sentences imposed thereon are affirmed.
AFFIRMED.