h DREW, J.
By bill of information, the state charged Earnest Tillman with two counts of sexual battery, a violation of La. R.S. 14:43.1, punishable by not more than ten years imprisonment at hard labor without benefits. The state agreed to dismiss one count in exchange for defendant’s guilty plea to the other. The court imposed the maximum sentence and denied a timely motion for reconsideration. Defendant argues the sentence is excessive. We affirm.
The matters of record show that on September 5, 2002, defendant, age 18, entered the 11-year-old victim’s bedroom through a window, with her permission. He pulled down her clothing, at least attempted sexual intercourse, then made her touch his penis with her hand. Defendant was interrupted when the victim’s brother entered the room and saw what was happening. Tillman fled through the window. He denied having sex with the child, but could not explain why he fled through the window. He was actually arrested for aggravated rape, owing to the young age of the victim.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full 12compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Here, the record shows an adequate factual basis for the sentence imposed.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *365 State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
Prior to imposing sentence, the court considered a PSI report and noted:
|s* The initial arrest for aggravated rape;
• The crime of conviction did not fully reflect the gravity of the offense committed;
• The defendant pleaded guilty to one of the two sexual battery counts billed;[1]
• The defendant’s apparently low intelligence, as he dropped out of his special education classes in the eighth grade;
• The defendant’s social history;
• The victim’s mother had informed the court the victim had not needed therapy and was coping with the events; and
• This was an extremely serious crime.
The court found defendant was in need of custodial treatment.
On this record, we do not find constitutional error. Defendant sexually abused a very young child, yet received a substantial benefit from the state’s willingness to charge only sexual battery rather than at least an attempted aggravated rape, which the facts would clearly have supported. We find the argument that the sexual act may have been consensual to be disingenuous, especially considering the age of the victim. The sentence imposed, while harsh, is lawful. We find the sentence is neither grossly disproportionate to the severity of the offense of conviction nor shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence. It is not constitutionally excessive.
The conviction and sentence are AFFIRMED.

. The record is unclear, but apparently the two acts initially alleged by bill of information were that he touched her inappropriately, and then had her touch his genitals. He pled guilty to one of the two initially-billed counts.