DREW, J.
The state initially charged defendant Curtis with two crimes:
• One count of sexual battery, a violation of La. R.S. 14:43.1 punishable by not more than ten years’ imprisonment at hard labor without benefits; and
• One count of molestation of a juvenile, a violation of La. R.S. 14:81.2(C) punishable by imprisonment for one to fifteen years with or without hard labor, and a fine not to exceed $10,000.
The state agreed to dismiss the sexual battery charge in exchange for defendant’s guilty plea to the molestation charge. The court imposed a sentence of ten years at hard labor plus a fine of $5,000, or in *1189 default, an additional year of incarceration. The trial court denied a timely motion for reconsideration. Defendant argues the sentence is excessive. We affirm the conviction and sentence. ..
The record reflects that during a three-year period (between January 1, 2000, and January 5, 2003) the defendant engaged in multiple acts of sexual intercourse, fellatio, and cunnilingus with a daughter of his fiancée with whom he was living during this aberrant conduct. The child was eleven years old when initially victimized. Defendant admitted engaging in these multiple sexual acts with this victim over the three years, but offered in mitigation that he never exerted any physical force. Curtis also allegedly fondled the victim’s younger sister on one occasion, but he denied that his act was intentional.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or | ¡¡mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Where, as here, the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982).
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ, denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La. App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 1,97-0705 (La.9/26/97), 701 So.2d 979. The trial court was aware of and considered mitigating factors.
Prior to imposing sentence, the court considered a PSI report and other matters submitted by the defense and reviewed the sentencing guidelines. The court noted defendant had received a significant benefit from his plea bargain, stating that the evidence could have supported a prosecution for aggravated rape, which would have borne at least a life sentence.
In mitigation, the court considered defendant’s good work history and noted the absence of any prior adult arrests or convictions.
However, the court noted these overshadowing aggravating factors:
• Curtis knew this victim was particularly vulnerable due to her youth and her history of being abused when even younger by another predator;
• Curtis had held himself out to the child as her, stepfather and had used that position of authority and supervi *1190 sion to facilitate the commission of these heinous and inexcusable acts;
• Defendant had used threats to prevent the victim from reporting the criminal activity;
• No excuse or justification existed to justify defendant’s behavior; and
• The victim did not facilitate defendant’s conduct in any manner:
The court reasonably concluded defendant was in need of custodial treatment and tliat a-lesser sentence would deprecate the seriousness of the offense.
On this record, we do not find constitutional error. Over a protracted period of time, the defendant' repeatedly sexually abused a young child over Rwhom he was in loco parentis. He received a substantial benefit from the state’s willingness to charge only molestation of a juvenile. The sentence imposed is lawful, ánd is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. ’ There is no showing of an abuse of the trial court’s discretion in the imposition of this sentence, which is not excessive under the facts of this sad case.
The conviction and sentence 1 are AFFIRMED.