|1 CARAWAY, J.
Defendant, Alisha J. Disotell, pled guilty as charged to one count of manslaughter, a violation of La. R.S. 14:31 punishable by imprisonment for not more than 40 years. The state agreed to reject two drug-possession charges which arose when defendant was found to be in possession of CDS while being booked into jail on the instant charge. The court imposed a sentence of 30 years at hard labor and denied timely motions for reconsideration. Defendant argues the sentence is excessive and that more consideration should have been given to her age at the time of the commission of the offense and that she had no prior felony convictions. Finding no merit to those contentions, we affirm.

Facts

The matters of record show that on July 15, 2002, the victim, Drexelle McBride, was found shot to death in his van on South Lakeshore Drive near the American Legion Post which he frequented. Investigation disclosed he had last been seen drinking heavily at a Shreveport bar in the company of Disotell. Disotell, whose record reflects a prostitution-related offense, was at the bar for the purpose of engaging in prostitution. When the victim and Diso-tell left the bar, the victim said Disotell was going to drive him home and that he would pay for her cab back to the bar. The following day, detectives located the suspect, Disotell, at a motel near the bar. Defendant claimed the victim had tried to rape her and that she shot him in self defense. However, the victim’s wallet was never found. Disotell had not ^reported the alleged attempted rape, but had called a third party to drive her from the scene of the homicide.

Discussion

The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Where, as here, the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary. State v. Landos, 419 So.2d 475 (La.1982).
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
[SA trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 *1185 So.2d 979. As noted below, the record shows the court was aware of and considered defendant’s age at the time of the offense and her lack of any prior felony convictions.
Prior to imposing sentence, the court considered a pre-sentence investigation report, a victim impact testimony, the defendant’s statement of remorse and all related police reports and discovery matters. The court found Disotell’s act was cold, cruel and without remorse until after her arrest. She had left the victim in the van to bleed to death after being shot. The victim had a blood alcohol content of .291, so the court did not believe Disotell’s self-serving version of the homicide. Diso-tell had been in possession of cocaine when she went to jail. She had a criminal record of convictions for solicitation for immoral purposes, interfering with an officer, possession of drug paraphernalia, obstructing a public passage, misrepresentation during booking, possession of marijuana and disturbing the peace. Disotell admitted she was addicted to cocaine. She grew up in a dysfunctional family; her father was killed in a drug deal when she was ^fourteen. She was eighteen at the time of this offense. The court found defendant’s conduct manifested deliberate cruelty to the victim who was vulnerable due to extreme intoxication. The court found no justification for the homicide. The court noted that while Disotell had no prior felo- ■ nies, she also had not lived a law-abiding life.
On this record, we do not find constitutional error. Disotell was exposed to imprisonment for up to 40 years. Other charges were dismissed in connection with the plea. The trial court carefully evaluated the facts and circumstances of this matter before delivering the sentence. It is lawful, and is neither grossly disproportionate to the severity of the offense- of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence which we hold is not excessive.
The conviction and sentence are affirmed.
AFFIRMED.