|, LOLLEY, J.
Dorothy L. Edwards (“Edwards”) pled guilty as charged to one count of bank fraud, a violation of La. R.S. 14:71.1, punishable by imprisonment for not more than ten years and a fine of not more than $100,000.00, or both. The trial court imposed a mid-range sentence of five years at hard labor and denied a timely motion for reconsideration, which Edwards appeals. For the following reasons, we affirm.
Between March 24 and 26, 2003, Edwards and an accomplice executed a scheme at a Bossier Parish credit union to obtain funds owned by a third party and in the custody of the credit union by forging two stolen checks for a total value of $918.00. The record reflects that 'the entire scheme involved three different financial institutions. The individual from whom the checks were stolen never responded when the pre-sentence investigation report was being prepared.
Edwards was charged by bill of information for violation of La. R.S. 14:71.1, to which she ultimately pled guilty.[1] After consideration of a pre-sentence investigation report, the trial court sentenced Edwards to five years at hard labor to run consecutively with any other sentence. Edwards appeals this sentence.
|2The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641. Where, as here, the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary. State v. Landos, 419 So.2d 475 (La.1982).
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. *1192 art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1753 (La.05/16/00), 769 So.2d 1158. There is no requirement that speeific |3matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392, writ denied, 2000-1467 (La.02/02/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979.
On appeal, Edwards argues that the trial court’s sentence was excessive and, further, that it erred in denying her motion to reconsider sentence. These assignments of error are without merit.
Prior to imposing sentence, the trial court considered a PSI report, noting that Edwards was a second felony offender with an extensive history of financial crimes. She had a conviction in 1997 for theft, a conviction in 1999 for unauthorized use of an access card, a felony conviction in 2001 for forgery, another conviction in 2001 for unauthorized use of an access card, and a pending case in Caddo Parish for bank fraud. Edwards had been placed on probation three times, but had failed to complete any of those periods satisfactorily due to her failures to comply with reporting requirements and to make restitution. The trial court also noted that Edwards had received leniency from other courts but had persisted in committing the same sort of crimes. Although the PSI did not include a statement by the individual whose checks Edwards had stolen, a representative of the credit union stated that it had spent considerable “time, effort and payroll dollars” in addressing the matter. In mitigation, the trial court considered that Edwards was young, 22 years old, and an unwed mother of three very young children.
|4So considering, on this record, we do not find constitutional error. The sentence imposed is in the middle of the range available to the trial court. Edwards was given leniency when the state did not charge her as a habitual offender, even though she has a history of engaging in financial crimes. The fact that she has been unable to complete a period of probation successfully shows she is deserving of a period of incarceration. The sentence imposed is lawful, and, considering Edwards’ history, is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice.
Finally, although we are sympathetic to Edwards’ position as a single mother of three young children, we note that there are many single parents of young children who struggle lawfully in their positions and do not resort to a life of crime. Edwards herself should have had an appreciation for the consequences of her actions, i.e., that she possibly could be incarcerated for committing a crime and leave her children parentless. Considering the record before us, we conclude that there is no showing of an abuse of the trial court’s discretion in the imposition of this sentence which is not *1193 excessive. Therefore, the conviction and sentence are affirmed.
AFFIRMED.

. La. R.S. 14:71.1 states:
A. Whoever knowingly executes, or attempts to execute, a scheme or artifice to do any of the following shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than one hundred thousand dollars, or both:
(1) To defraud a financial institution.
(2) To obtain any of the monies, funds, credits, assets, securities, or other property owned by or under the custody or control of a financial institution by means of false or fraudulent pretenses, practices, transactions, representations, or promises.