PER CURIAM.
Granted. This case is remanded to the juvenile court for consideration of relator’s motion to modify the judgment of disposition. The provisions of the Children’s Code “shall be liberally construed to the end that each child and parent coming within the jurisdiction of the court shall be accorded due process and that each child shall receive ... the care, guidance, and control that will be conducive to his welfare.” La.Ch.C. art. 102. La.R.S. 15:906(A)(2) further provides that it is the “public policy of this state that commitment of a juvenile to the care of the [Department of Corrections] is not punitive nor in anywise to be construed as a penal sentence, but as a step in the total treatment process toward rehabilitation of the juvenile .... ” We therefore consider a juvenile’s motion to modify the judgment of disposition pursuant to La.Ch.C. art. 909 the equivalent of a motion to reconsider sentence filed by an adult offender pursuant to La.C.Cr.P. art. 881.1 for purposes of La.C.Cr.P. art. 916(3), which permits a district court to “[cjorrect an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence” despite the pendency *425 of an appeal. The sole difference between the two motions is that the juvenile may file his motion to modify the judgment of disposition at any time while the disposition is in force, whereas an adult offender’s motion to reconsider sentence must be filed within 30 days of original sentencing unless the trial court enlarges that time period. La.C.Cr.P. art. 881.1(A)(1).
VICTORY, J., concurs.