823 So.2d 1064 (2002)
STATE of Louisiana, Appellee
v.
Johnathan HENRY, Appellant.
No. 36,217-KA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
*1066 Louisiana Appellate Project by Peggy J. Sullivan, Indigent Defender Office by David McClatchey, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Tommy J. Johnson, Donna Frazier Hall, Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS and KOSTELKA, JJ.
KOSTELKA, J.
After a jury convicted Johnathan Henry ("Henry") of aggravated second degree *1067 battery, La. R.S. 14:34.7, he was adjudicated a second felony habitual offender and sentenced to nineteen and one-half years at hard labor, without benefit of parole, probation or suspension of sentence. Henry appeals his conviction and sentence. We affirm the conviction, amend the sentence, and, as amended, affirm.

FACTS
In the early morning hours of February 17, 2001, Sergeant Rick Farris ("Farris"), along with Deputies Greg Ardoin ("Ardoin"), James Upton ("Upton"), Lifford Jackson ("Jackson"), and Sergeant Charles Marsden ("Marsden"), of the Caddo Parish Sheriffs Office, were working an off-duty detail for a dance at the Ebony Multi Center in Shreveport, Louisiana. Their duties were to maintain crowd control and security and direct traffic; each officer was in full uniform. Upon the conclusion of the dance at approximately 1:00 a.m., the officers began to escort patrons to their vehicles and direct traffic as the participants began to leave. Farris and Ardoin performed their duties approximately thirty feet apart in the southwest corner of the parking lot. As he worked, Farris heard a group of girls yelling and joking. He looked toward the group and noticed someone coming toward him through the crowd. The individual, later identified as Henry, approached Farris and began hitting him around the head area. To no avail, Farris ordered Henry to stop. At that time, Ardoin approached and realized that Farris was defending himself against someone who had a small silver-bladed knife. Ardoin then pulled Henry down by the legs. Farris grabbed one of Henry's legs with his left hand; he then noticed that Henry had a knife because Henry cut Farris's right hand between his thumb and index finger. Farris drew his gun and ordered Henry to stop although Farris eventually reholstered it to assist in restraining Henry. When Ardoin began receiving blows to his back from someone in the crowd who had retrieved Farris's dropped flashlight, he was also forced to let Henry go but not before spraying him with a chemical agent. By that time Upton and Jackson had come to the scene. Upton intervened, striking Henry's right hand with a flashlight in an attempt to get him to drop the knife. Undaunted by the chemical spray, Henry got to his feet and began violently swinging the knife at Upton. Marsden then entered the scene as Henry came toward Upton with the knife. Marsden pinned Henry against a car; when Henry continued to resist, Marsden forced him to the ground where Jackson handcuffed him. No knife fitting the description given by the officers was recovered from the crowded scene, although a butter knife was found. Farris received a laceration to his right thumb and four additional wounds to his head, two to the back of his head and two in front of his left ear, for which he was transported to a local hospital. At the scene, Henry was arrested and transported to a local hospital for cuts to his head and hand. After police had secured Henry, the crowd became unruly and began to throw rocks, bottles and pipes at the deputies and the vehicles in the parking lot. Upon additional law enforcement backup, however, the crowd dispersed without further incident.

DISCUSSION
The question of sufficiency of the evidence is properly raised by a motion for post-verdict judgment of acquittal. La. C.Cr.P. art. 821; State v. Gay, 29,434 (La.App.2d Cir.06/18/97), 697 So.2d 642. Nevertheless, this court will consider sufficiency arguments even in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.02/26/97), 691 So.2d 1273.
The standard of appellate review for a sufficiency-of-evidence claim is *1068 whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.09/25/98), 719 So.2d 610, writ denied, 98-2723 (La.02/05/99), 737 So.2d 747.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. Bosley, supra.
Aggravated second degree battery is a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury. La. R.S. 14:34.7. Serious bodily injury is defined as bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death. Id.
On appeal, Henry argues that the evidence was insufficient to convict him because no knife fitting the officers' description was found at the scene and the medical evidence showed that Farris's wounds could have been caused by a source other than a sharp knife. Henry also contends that Farris's injuries do not qualify as serious bodily injury under La. R.S. 14:34.7.
After viewing the evidence in the light most favorable to the state, we conclude that it is sufficient to support Henry's conviction. At trial, Farris, Marsden, Ardoin, Upton and Jackson each identified Henry as the perpetrator of the offense. Of course, positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La.App.2d Cir.04/08/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12.
Additionally, the officers observed Henry, while armed with a small silver-bladed knife, participate in the altercation with Farris. Of course, Farris saw the knife after Henry cut Farris's hand. Ardoin testified that he witnessed Henry strike Farris several times in the head with the knife. Likewise, Upton observed Henry appear to stab Farris and ordered Henry to drop the knife. Dr. Alan Sorkey ("Dr.Sorkey"), Farris's treating physician, opined that these lacerations were "most likely" caused by a sharp instrument or a knife and "unlikely" caused by a butter knife, although he admitted that the wounds could have been caused by broken glass, a flashlight, any sharp-edged object or an iron pipe. Even with no introduction *1069 into evidence of the knife described by the officers, Dr. Sorkey's opinion, Henry's failure to comply with officers' direct orders to stop and the eyewitness accounts both of Henry's possession of the knife and use of it to brutally attack Farris are sufficient to prove that Henry used force or violence upon Farris while armed with a knife with the intent to cause and ultimately inflict serious bodily injury.
The evidence is also adequate to demonstrate that Henry inflicted wounds which qualified as serious bodily injury. Dr. Sorkey stated that Farris had multiple injuries, mostly lacerations, which required a combination of sutures and steel staples. Dr. Sorkey explained the complications of such wounds as being infection, permanent scarring and that Farris's hair would not grow back over the cuts on Farris's head. Dr. Sorkey noted that had Farris's temple injuries been inflicted with enough force, the wounds could have been fatal. No contrary evidence was presented by Henry. From this testimony, we find that a jury would be reasonable in concluding that the scarring left by these wounds qualified as an obvious disfigurement. Likewise, the photographs depicting Farris's wounds support a conclusion that Farris experienced extreme physical pain from the lacerations which required sutures and copious amounts of staples. Finally, Dr. Sorkey's uncontradicted testimony shows that the injuries received by Farris created a substantial risk of death. When viewed in the light most favorable to the state, this evidence is adequate to support the conviction.

Habitual Offender Adjudication
In his second assignment of error, Henry argues that the trial court did not have jurisdiction over the underlying felony conviction which formed the basis for his second felony offender adjudication.
The record before us shows that in 1993, when he was sixteen, Henry pled guilty to illegal use of weapons, La. R.S. 14:94, for which he received a five-year sentence. He had been originally charged with second degree murder as the result of a drive-by shooting that caused the death of a man. In that case, Henry admitted to firing a rifle twice.
The 1993 conviction for illegal use of weapons formed the basis for the present second felony habitual offender adjudication. Specifically, Henry contends that his habitual offender adjudication is constitutionally infirm and cannot form the basis for his adjudication as a second felony offender because, while the First Judicial District Court had jurisdiction over the second degree murder charge, it ceased to have jurisdiction over the illegal use of weapons guilty plea because that crime is not a lesser and included offense of second degree murder under La.C.Cr.P. art. 814. Nevertheless, the record reveals, and Henry concedes, that no written response alleging the invalidity of the prior conviction was filed by counsel. Any challenge to a previous conviction or adjudication of delinquency which is not made before the sentence is imposed may not thereafter be raised to attack the sentence. La. R.S. 15:529.1(D)(1)(b); State v. Williams, 34,369 (La.App.2d Cir.02/28/01), 781 So.2d 673; State v. Jones, 29,805 (La.App.2d Cir.09/24/97), 700 So.2d 1034, writ denied, 99-2487 (La.02/18/00), 754 So.2d 961. Therefore, we are precluded from addressing this issue on appeal.

Ineffective Assistance of Counsel
Alternatively, Henry argues that his trial counsel was ineffective because he failed to file the written response to the habitual offender bill of information challenging the validity of the 1993 guilty plea.
*1070 As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief than on appeal since that procedure allows the opportunity for a full evidentiary hearing under La.C.Cr.P. art. 930. State v. Green, 27,652 (La.App.2d Cir.01/24/96), 666 So.2d 1302, writ denied, 97-0504 (La.10/31/97), 703 So.2d 14. However, when the record is sufficient, this court may resolve the issue on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La.App.2d Cir.09/27/95), 661 So.2d 673.
A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
To establish that his attorney was ineffective, Henry first must show that his counsel's performance was deficient, i.e., that counsel made errors so serious that he was not functioning as the "counsel" guaranteed Henry by the Sixth Amendment. The relevant inquiry is whether counsel's representation fell below the standard of reasonableness and competency required by prevailing professional standards demanded for attorneys in criminal cases. Strickland, supra; State v. Moore, 575 So.2d 928 (La.App. 2d Cir. 1991). The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence and a reviewing court must give great deference to trial counsel's judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. Moore, supra.
Second, Henry must show that counsel's deficient performance prejudiced his defense, i.e., that the errors were so serious as to deprive him of a fair trial, in which the result is reliable. Strickland, supra. Henry must prove actual prejudice or that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Id.
After a thorough review of the record before us, we conclude that this case is one in which the ineffective assistance of counsel claim would more appropriately be addressed by post-conviction relief. The record contains insufficient facts for this Court to determine whether defense counsel was ineffective for failing to contest the validity of the prior offense when Henry, as a sixteen-year-old juvenile, pled guilty to a charge of illegal use of a weapon. We find that we are unable to conduct a full analysis and resolution of the jurisdictional issue raised by Henry. In these circumstances, we conclude that an evidentiary hearing would better protect the parties' rights by affording them the opportunity for a comprehensive presentation of the facts. Accordingly, we decline to resolve this issue on direct appeal. Henry may raise this issue in the trial court by application for post-conviction relief. State v. Burnett, 33,739 (La. App.2d Cir.10/04/00), 768 So.2d 783, writ denied, XXXX-XXXX (La.11/02/01), 800 So.2d 864.

Excessive Sentence
In his final assignment of error, Henry complains that the trial court failed to consider his personal history or mitigating factors in accordance with La.C.Cr.P. art. 894.1, imposed an excessive sentence and erred in ordering that the sentence be served without the benefit of parole.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial *1071 court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating and mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are Henry's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Bradford, 29,519 (La. App.2d Cir.04/02/97), 691 So.2d 864.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); Bradford, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
We first note that in his motion to reconsider sentence, Henry failed to include claims regarding the trial court's failure to consider his personal history in accordance with La.C.Cr.P. art. 894.1. Accordingly, he is precluded from first raising this issue on appeal. La.C.Cr.P. art. 881.1. Henry's remaining claims urge that the trial court failed to consider mitigating factors, such as the fact that Henry was under the influence of a mental or emotional disturbance, committed the offense without significant premeditation and was struck with a flashlight during the altercation. Of course, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.02/02/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979. Moreover, we discern no error in the trial court's failure to mention these factors on the record. Inherent in the court's determination that Henry's attack on the officers was "unprovoked" and "violent" is the rejection of Henry's claim that the event was not premeditated or compelled by a mental or emotional disturbance. Nor does the record support these contentions. So, too, do the court's conclusions reflect an obvious disagreement with Henry's claim that he acted in self-defense.
In particularizing the imposed sentence, the court took into account Henry's prior criminal history which included a conviction for a violent offense, for which Henry received a five-year sentence and for which he was on parole at the time he committed the present crime. The record reflects that the court would have been aware of Henry's age and educational level from the previous guilty plea submitted by the state in proof of the underlying conviction. Therefore, despite the lack of a specific discussion of the La.C.Cr.P. art. 894.1 factors, the record reflects sufficient facts that allowed the sentencing court to individualize Henry's sentence.
*1072 Nor do we find the imposed sentence to be excessive. As a second felony offender, Henry faced a maximum sentence exposure of thirty years' imprisonment with or without hard labor. La. R.S. 14:34.7 and 15:529.1A(1)(a). Of course, he received nineteen and one-half years at hard labor without the benefit of probation, parole or suspension of sentence. This crime involved an initial unjustified and unprovoked violent attack of a law enforcement officer which culminated in the endangerment of four additional officers' lives and from which Henry refused to retreat. Obviously, Henry failed to benefit from prior incarceration and opportunity for rehabilitation of his violent tendencies. When viewed in light of the harm done to society, the imposed sentence does not shock the sense of justice.
We do, however, find merit to the final portion of Henry's claim. The trial court denied parole eligibility to Henry. However, La. R.S. 15:529.1(G) requires that any sentence imposed under the habitual offender law be imposed without benefit of probation or suspension of sentence only. This statute does not place any restrictions on parole eligibility unless additional restrictions are provided in the underlying offense of conviction. State v. Hunter, 33,066 (La.App.2d Cir.09/27/00), 768 So.2d 687, writs denied, XXXX-XXXX (La.10/26/01), 799 So.2d 1150, 2001-2087 (La.04/19/02), 813 So.2d 424. Because, in this case, La. R.S. 14:34.7, the underlying statute of conviction, in no way denies a defendant the benefit of parole, the trial court erred in doing so. In these circumstances, it is necessary that we amend the sentence to delete that portion which denies Henry parole eligibility.

CONCLUSION
For the foregoing reasons, we affirm Henry's conviction, amend the sentence to delete that portion which denies parole eligibility, and, as amended, affirm the sentence.
CONVICTION AFFIRMED; SENTENCE AMENDED, AND, AS AMENDED, AFFIRMED.