# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## JWK 03-1279

## STATE IN THE INTEREST OF C.H.

**********

APPEAL FROM THE
LEESVILLE CITY COURT
PARISH OF VERNON, NO. 4437C
HONORABLE ELVIN CLEMENCE FONTENOT, JR., DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, C.J., Sylvia R. Cooks, and Glenn B. Gremillion, Judges.

**REVERSED AND REMANDED.**

**William E. Tilley**
**District Attorney - 30th Judicial District Court**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**Telephone: (337) 239-2008**
**COUNSEL FOR:**
    **Plaintiff/Respondent - State of Louisiana**

**Ronald Kenneth Seastrunk**
**104 North Third Street**
**Leesville, LA 71446**
**Telephone: (337) 238-5100**
**COUNSEL FOR:**
    **Plaintiff/Respondent - State of Louisiana**

**Derwyn Del Bunton**
**Juvenile Justice Project of Louisiana**
**1600 Oretha Castle Haley Boulevard**
**New Orleans, LA 70113**
**Telephone: (504) 522-5437**
**COUNSEL FOR:**
    **Defendant/Applicant - C.H.**

THIBODEAUX, Chief Judge.

On January 16, 2002, the Juvenile, C.H., was adjudicated delinquent for oral sexual battery in violation of La.R.S. 14:43.3, sexual battery in violation of La.R.S. 14:43.1, and indecent behavior with a juvenile in violation of La.R.S. 14:81. The sixteen-year-old was sentenced to the secure custody of the Louisiana Department of Safety and Corrections until his twenty-first birthday. He is incarcerated at the Swanson Correctional Facility for Youth. His scheduled release date is November 22, 2006. C.H.'s Motion for Modification of Disposition was denied by the trial court on July 21, 2003.

The Juvenile seeks early release and contends the trial court's denial of his Motion to Modify Disposition was an abuse of discretion.

## FACTS

The Juvenile asserts that his charges resulted from consensual acts of sexual activity that occurred when he was sixteen years old and involved a minor female who was two weeks away from her thirteenth birthday at the time. We note this factual allegation is uncontradicted as neither the State nor the Department of Public Safety and Corrections filed an opposition to his Motion to Modify Disposition, which contained these facts.

## MODIFICATION OF DISPOSITION

The Juvenile contends the trial court abused its discretion in denying his Motion to Modify Disposition.[1] Louisiana Children's Code Article 909 grants the trial court discretion in considering a modification of disposition. It provides:

---

[1] In the alternative, the Juvenile asserts the trial court erred in denying his motion without conducting a hearing. However, this court need not consider this argument as the result of this opinion renders this claim moot.

> Except as provided for in Article 897.1, after the entry of any order of disposition, the court retains the power to modify it, including changing the child's legal custody, suspending all or part of any order of commitment, discharging conditions of probation, or adding any further condition authorized by Article 897(B) or 899(B). It may also terminate an order of disposition at any time while it is still in force.

The trial court retains the power to modify a disposition at any time the disposition is in force. *See State v. J.R.S.C.*, 2000-2108 (La. 6/1/01), 788 So.2d 424. The court may modify a disposition without a contradictory hearing if the motion seeks less restrictive conditions. La.Ch.Code art. 910(C). However, if the motion seeks more restrictive conditions, a hearing shall be held. La.Ch.Code art. 910(D). In this case, the trial court had discretion on whether or not a hearing would be held as the Juvenile's motion sought less restrictive conditions, namely that he be released from DPSC custody and placed with his family. The trial court denied the Motion to Modify without reasons, and without granting a hearing.

The Juvenile's motion is uncontradicted and asserts a change in his circumstances that relate to his continued effective treatment or rehabilitation. He contends that federal and state constitutional and statutory protections for juveniles, based on the goal of rehabilitation and individual treatment, require the trial court to exercise its discretion to review the status of and intervene in the cases of incarcerated juveniles. He contends he presented evidence sufficient to warrant a modification of his disposition. The Juvenile maintains that he has exhausted all of the rehabilitative benefits that his facility has to offer. He argues that his ongoing progress and excellent record have earned him the opportunity to obtain a modification. The Juvenile further asserts that he has demonstrated maturity and commitment to his rehabilitation of the last year and a half of his incarceration.

2

The Juvenile's motion outlined his significant changes in his circumstances that warrant release. The Motion to Modify contained the following assertions:

> 4. Throughout [C.H.]'s stay in secure custody - even after his multiple failed attempts to achieve early release from this Court - [C.H.]'s behavior has been excellent. He has earned a minimum custody level on at least eight (8) consecutive quarterly staffings, and has earned honor dorm status.
>
> 5. [C.H.] is routinely selected as a "Principal's Pick." Each month, the school principal picks a handful of youth to eat dinner with him. The dinner has the warden and all the high ranks at the institution in attendance.
>
> 6. [C.H.]'s other awards and accomplishments at the institution are voluminous. [C.H.]'s accomplishments include:
>
> - Member, Inmate Welfare Committee
> - Honor Dorm Resident
> - Citizen Stage, YouthCare Program (Highest Honor Possible)
> - Member, Honor Roll
>
> These are but a few of the [C.H.]'s accomplishments. He has attained the very highest praise in the institution. He has earned his early release three times over.
>
> 7. To this date, [C.H.] maintains an exemplary record. He maintains a minimum custody classification — the highest possible behavioral classification — and [C.H.] has completed all programming at the institution. [C.H.] has exhausted all available rehabilitative resources at SCCY.
>
> 8. Rehabilitation is at the core of Louisiana's delinquency system. Indeed, the Louisiana Children's Code mandates that youth receive "care as nearly as possible equivalent to that which the parents should have given him." La. Ch.C. art. 102 (West 2003). Further, "the court should impose the least restrictive disposition authorized" by law. See La. Ch.C. art. 901 (B) (West 2003).

(Appendix VII) (Footnotes omitted).

The record before us contains additional information regarding his offenses, his family background, his history with the juvenile justice system, his

3

custodial record, and his proposed custody plan upon release. The Juvenile proposes that he be placed with his sister and her husband, a couple whose fitness to supervise has not been challenged. Apparently, the Juvenile has obtained the highest status level, has completed all rehabilitative programs, is an honor roll student, and has the best behavioral classification.

It is clear that the goal of the juvenile justice system is rehabilitation. In *J.R.S.C.*, the Louisiana Supreme Court stated that it is the "public policy of this state that commitment of a juvenile to the care of the [Department of Corrections] is not punitive nor in anyway to be construed as a penal sentence, but as a step in the total treatment process toward rehabilitation of the juvenile . . .". *Id.* at 424. Based on the evidence before this court, it appears that the Juvenile has availed himself of every rehabilitative program available, and is entitled to a modification of his disposition.

The Juvenile's motion was uncontradicted. There is no indication in the record before this court to show any opposition at either the trial or appellate level from either the Vernon Parish District Attorney's Office or the Department of Public Safety and Corrections. Despite the lack of any opposition or contradictory unfavorable evidence, the trial court denied the motion without stating its reasons for so doing. In considering the evidence before it, the trial court apparently failed to give the proper weight to the Juvenile's position, especially in the absence of any rebuttal evidence to the contrary. Therefore, we find the trial court abused its discretion in denying the Motion to Modify Disposition.

## CONCLUSION

The trial court's ruling is hereby reversed, vacated, and set aside and the Department of Public Safety and Corrections is ordered to release C.H. on parole, with supervision granted to his family in accordance with the after care proposal submitted

4

in the Dispositional Memorandum in Support of Modification filed on or about July 17, 2003. Further, the trial court is ordered to hold a hearing within fifteen days of the date of this order to set parole conditions for C.H.

**REVERSED AND REMANDED.**