909 So.2d 654 (2005)
STATE of Louisiana, Appellee
v.
Craig O'Neal COLLIER, Appellant.
No. 39,882-KA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2005.
*655 Peggy J. Sullivan, Louisiana Appellate Project, Monroe, for Appellant.
Craig O'Neal Collier, Pro se.
*656 Paul J. Carmouche, District Attorney, Dale G. Cox, Lea R. Hall, Jr., Assistant District Attorneys, for Appellee.
Before STEWART, CARAWAY and LOLLEY, JJ.
CARAWAY, J.
Craig O'Neal Collier was convicted of first degree robbery and sentenced as a fourth felony offender to 60 years at hard labor with the first 40 years to be served without benefit of probation, parole or suspension and the remainder without benefit of probation or suspension. He appeals his conviction and sentence. We affirm.

Facts
On the evening of May 17, 2003, a cab driver picked up Collier in front of a Shreveport casino. Collier directed the cab driver to drive to various locations in an ordeal which eventually lasted for about an hour. The two first stopped at a location which the driver described as a "bad neighborhood," but Collier told the driver not to worry because he had a "nine" in his possession. The driver testified that he understood a "nine" to be a gun. At this first stop at the Levingston Hotel, Collier asked the driver to change a twenty for him. The driver retrieved the change from a book he carried in the vehicle.
At the second stop, the cab driver attempted to drive away. When Collier heard the cab's tires squeal, he told the driver not to leave. Collier then had the cab driver pick up a woman who rode with them approximately ten minutes before getting out of the cab.
The two then traveled to a parking lot near Lake and Louisiana streets. Collier ordered the cab driver to get out of the cab. At that point, Collier told the driver not to worry because he had a hundred dollar bill he would give him "at the end of this." As they got back into the front seat of the vehicle, the driver saw Collier retrieve from the dashboard the book in which the driver kept his money. Collier removed $46 from the book. The cab driver did not give Collier permission to look in the book or take any money, but did not try to take it back since the driver testified that he "had been shot before" and "wasn't looking forward to it again." Collier again reassured the driver that he would get paid his fare.
At some point after he took the $46, Collier got into the back seat of the cab. The two then rode around a bit more and Collier asked the driver to take him downtown. In desperation, the driver attempted to send a distress signal to his dispatcher and told Collier that the police would be called if his cab was not back on the lot. The ride ended on Milam Street and the cab driver asked Collier for his cab fare. As he got out of the vehicle, Collier "ripped the inner door panel of the back passenger door off." He told the cab driver to "stay right there" and that he would return. He then disappeared into a crowd.
Once the defendant left, the cab driver located Officer John Delgado and reported the crime, giving a description of the perpetrator. About fifteen to thirty minutes later, Delgado saw a security guard chasing an individual who matched the description given by the cab driver. The officer assisted in apprehending Collier, later identified at the scene by the cab driver as the man who robbed him. No money or gun were found on Collier who was charged with first degree robbery.
Collier waived his right to a jury instead requesting a bench trial. The trial court found him guilty as charged and adjudicated Collier a fourth felony offender. Collier received a sentence of 60 years at hard labor, the first 40 to be served without benefit of probation, parole or suspension of sentence and the remainder without *657 benefit of probation or suspension of sentence. After the denial of motions for post verdict judgment of acquittal and to reconsider sentence, this appeal ensued.

Discussion

Sufficiency of the Evidence
On appeal Collier argues that the evidence was insufficient to support his first degree robbery conviction because there exists no evidence of threat or force of violence or the threat of a weapon when the money was taken. He also claims that there were numerous inconsistencies in the testimonies given by the cab driver and Delgado.
The proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a judge or jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, State ex rel. Gilliam v. State, 02-3090 (La.11/14/03), 858 So.2d 422. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App. 2d Cir.5/8/96), 674 So.2d 1018, writs denied, 96-1459 (La.11/15/96), 682 So.2d 760, 98-0282 (La.6/26/98), 719 So.2d 1048.
First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon. La. R.S. 14:64.1(A). A dangerous weapon is any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm. La. R.S. 14:2(3).
Direct testimony by the victim that he believed the defendant was armed, or circumstantial inferences arising from the victim's immediate surrender of his personal possessions in response to the defendant's threats, may support a conviction for first degree robbery. The state must *658 prove that the defendant induced subjective belief in the victim that he was armed with a dangerous weapon, and that the victim's belief was objectively reasonable under the circumstances. State v. Fortune, 608 So.2d 148 (La.1992); State v. Stills, 34,740 (La.App. 2d Cir.6/20/01), 792 So.2d 782. No weapon need ever be seen by the victim, or witnesses, or recovered by the police for the trier of fact to be justified in finding that in fact the defendant was armed with a dangerous weapon. State v. Elam, 312 So.2d 318 (La.1975); State v. Harrison, 501 So.2d 1041 (La.App. 2d Cir.1987), writs denied, 508 So.2d 65 (La.1987), 515 So.2d 444 (La.1987).
The force or intimidation element of robbery is satisfied by evidence that force or intimidation directly related to the taking occurred in the course of completing the crime. The first degree robbery statute excludes unreasonable panic reactions by the victim but otherwise allows the victim's subjective beliefs to determine whether the offender has committed first degree robbery or the lesser offense of simple robbery. State v. Stills, supra.
In this case, the state was required to prove that Collier took something of value belonging to another or from an area in his immediate control while using force or intimidation under circumstances where the victim reasonably believed he was armed. We find the evidence presented by the state supports the conviction.
The cab driver's testimony establishes that Collier took money without permission from the pocket of an address book on the dashboard of the car on the driver's side of the meter. Despite the different terms used to describe the item that held the victim's money, the officer's testimony corroborates the victim's statement that Collier took something of value from an area in his immediate control.
Regarding the use of force or intimidation, Collier told the victim at the first stop that he had "a nine" which Collier indicated that he could use for protection in the "bad neighborhood." Such a statement would reasonably cause an individual to believe that Collier was armed especially given that this victim had been the previous victim of a shooting and was more fearful of being shot again. In fact, the victim testified that during the ordeal he got out of the cab, did what Collier ordered him to do, and later allowed Collier to take the money without objection because he believed Collier had a weapon. Collier made no openly threatening gestures. However, it is understandable that the victim believed that Collier was armed with a "nine" or gun. Additional facts indicating the cab driver's fear and belief of intimidation included Collier's instructing him to drive around "bad neighborhoods," Collier's picking up a woman on "a dark corner" and making obscene remarks to her, and the "unusual" instructions to get out of the cab. In these circumstances, such a fear and belief were reasonable. The victim's act of desperation in his attempts to get free of Collier and his immediate reporting to the police show that the cab driver felt frightened and coerced. Viewing those facts in the light most favorable to the prosecution, a rational trier of fact could have found that Collier used intimidation in taking the victim's money.[1]
*659 Finally, Collier's argument in his supplemental pro se brief raised only minor discrepancies between the cab driver's report of the crime to Delgado and his testimony which were not material to the proof of the crime. Because all of the elements of the offense were proven, the assignments of error regarding the sufficiency of the evidence are without merit.

Excessive Sentence
In his second assignment of error, Collier argues that the trial court erred in denying his motion to reconsider sentence because the imposed sentence is excessive and that the trial court failed to adequately consider mitigating and aggravating factors.
Whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than 40 years, without benefit of parole, probation or suspension of imposition or execution of sentence. La. R.S. 14:64.1(B).
Under the Habitual Offender Law, if the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then the person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than 20 years and not more than his natural life. La. R.S. 15:529.1(A)(1)(c)(i).
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App. 2d Cir.1/28/04), 865 So.2d 280, writ denied, 04-0597 (La.9/24/04), 882 So.2d 1165.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
Because the sentence imposed for the habitual offender adjudication is prescribed by statute, the trial court's compliance with La. C. Cr. P. art. 894.1 is not required. State v. Gay, 34,371 (La.App. 2d Cir.4/4/01), 784 So.2d 714; State v. Owens, 32,642 (La.App. 2d Cir.10/27/99), 743 So.2d 890, writ denied, 00-0438 (La.9/29/00), 769 So.2d 553. It would be an exercise in futility for the trial court to discuss the factors enumerated in that article when the court had no discretion in sentencing the defendant. State v. Johnson, 31,448 (La.App. 2d Cir.3/31/99), 747 So.2d 61, writ denied, 99-1689 (La.11/12/99), 749 So.2d 653, cert. denied, Johnson v. Louisiana, 529 U.S. 1114, 120 S.Ct. 1973, 146 L.Ed.2d 802 (2000).
Collier was sentenced as a fourth felony offender to 60 years at hard labor with the first 40 years without benefit of probation, parole or suspension, and the remainder without benefit of probation or suspension. Because his motion to reconsider sentence *660 claimed only the issue of constitutional excessiveness, Collier is relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App. 2d Cir.2/25/98), 707 So.2d 164.
In this matter, we do not find the imposed sentence to be excessive. Collier faced a sentencing exposure of 40 years to life. The imposed sentence fell well within the statutory limits. Considering Collier's extensive criminal history, the facts of this case and that he had been out on parole only one month before committing the present offense, we cannot find the imposed sentence shocking to the sense of justice. This defendant has failed to respond to the continued leniency afforded to him by the criminal justice system. Thus, there remains an undue risk that he will commit another crime without significant incarceration. On these grounds we find that the imposed sentence is not excessive.

Conclusion
Collier's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The trial court obviously disbelieved the testimony of Collier's alibi witness, Victoria Anderson. She testified that she was in the cab with Collier and it was the cab driver who asked them for crack. She further stated that the two had been "at a club downtown" and that Collier was not armed. The cab driver testified that he had never seen Anderson before. Such credibility determinations remain within the province of the factfinder and will not be disturbed on appeal.