CARAWAY, J.
 

 It Leotis Thomas was convicted after a bench trial of first degree robbery. He pled guilty to being a second felony habitual offender and was sentenced to 42 years of imprisonment at hard labor. Thomas now appeals his conviction and sentence. We affirm the conviction and remand for consideration of the merits of Thomas’s motion to reconsider sentence.
 

 Facts
 

 Thomas was charged by bill of information with armed robbery, in violation of La. R.S. 14:64. The crime occurred in Shreveport on February 2, 2006, when Thomas took Jason Dean’s wallet and wedding band while armed with a dangerous weapon, an unnamed blunt object. Thomas waived his right to jury trial and after a bench trial was convicted of the responsive verdict of first degree robbery, in violation of La. R.S. 14:64.1. Thomas filed a motion for post-verdict judgment of acquittal which was denied by the trial court after a hearing.
 

 Prior to sentencing, on January 23, 2008, Thomas entered a plea of guilty to an amended habitual offender bill, charging him as a second felony offender. On January 31, 2008, he was sentenced to 42 years of imprisonment at hard labor, to be served without benefit of probation or suspension of sentence.
 
 [1]
 
 This appeal followed.
 

 
 *1183
 
 1
 
 aDiscussion
 

 Thomas argues that the evidence is insufficient to support his conviction because the state failed to present any evidence to prove that the victim possessed a reasonable belief that Thomas was armed with a dangerous weapon. Thomas argues that nothing in the record sufficiently shows that he was armed or struck the victim with a dangerous weapon. Thomas also argues that Dean’s testimony showed no fear or apprehension since he chased Thomas down and beat and choked him. In pro se arguments, Thomas also claims that the police officer’s account of his statement was inaccurate and unreliable and that the evidence was insufficient to support a conviction of anything but simple robbery.
 

 The evidence presented at trial included the testimony of the victim. Dean, a manager of a couple of Shreveport nightclubs, testified that at approximately 8:00 a.m. on February 2, 2006, he was in a parking lot in the Red River District in Shreveport when he was approached by Thomas (who he identified in court as the defendant). Thomas abrasively asked Dean for money. Dean refused and “didn’t think anything else of it because” Thomas walked away. Dean turned around to get his belongings out of the vehicle when he felt somebody hit him “in the head” with what felt like a pipe. Dean never saw the object. When Dean fell over and dropped all of his belongings, Thomas took Dean’s wallet and wedding band. During the robbery, Thomas emptied Dean’s wallet, saw photographs of a little girl, and told Dean if he got up “he was going to pop a cap” in his “ass” and he (Dean) would “never see that little girl again.” Thomas fled the scene and UDean got up and chased him. He eventually caught Thomas, who had bolted through the backdoor of a local business and hid in a closet. They tussled and Dean restrained Thomas with his arm around the defendant’s neck until the police arrived at the scene.
 
 [2]
 

 Dean testified that he did not consent or give permission to the defendant to hit him on the head or take his wallet and ring. He explained that he was in the nightclub business and had been previously hit by a fist and knew the difference between a fist and an object like a pipe. Dean clarified that Thomas’s blow was “good enough” to knock him over and daze him. His wallet was recovered, but his ring was never returned to him. Dean also related that he sought medical treatment for neurological symptoms approximately two weeks after the crime. He was diagnosed with a brain lesion and had some paralysis on his left side, which was 60 percent resolved.
 

 An employee of the business where Dean apprehended Thomas also testified. He confirmed that Thomas ran into the business and hid in a closet in the offices. The employee recalled that Dean yelled that the man had robbed him.
 

 Corporal Dianna Sanchez of the Shreveport Police Department testified that she responded to the armed robbery call. When she came into contact with Dean and Thomas, the two men were on the floor and she saw that Dean had his arm around Thomas’s neck. Police eventually arrested Thomas. Corporal Sanchez interviewed
 
 *1184
 
 Dean who told her that he had been |4hit on the head with a blunt object. Upon returning to the scene, Corporal Sanchez found a piece of brick or concrete, which the officers thought might have been used to strike Dean. The evidence caught their attention because it was dry and everything else around it appeared to be wet from an earlier rain. Dean could not confirm that the brick was the weapon that Thomas had used.
 

 Thomas testified at trial. He admitted that he robbed and pushed Dean down onto the pavement, but denied using a weapon. Thomas also admitted to convictions for driving while intoxicated, two burglaries and the unauthorized use of a movable but he specifically denied any memory of a prior conviction of unauthorized use of a motor vehicle.
 

 Based upon this evidence and testimony, the trial court rendered the responsive verdict of first degree robbery.
 
 [3]
 

 The question of sufficiency of evidence is properly raised by a motion for post-verdict judgment of acquittal.
 
 State v. Howard,
 
 31,807 (La.App. 2d Cir.8/18/99), 746 So.2d 49,
 
 writ denied,
 
 99-2960 (La.5/5/00), 760 So.2d 1190.
 

 The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 01-1658 (La.5/20/03), 851 So.2d 921,
 
 cert. denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004);
 
 State v. Cummings,
 
 95-1377 (La.2/28/96), 668 So.2d 1132. This standard, now legislatively embodied in La.C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 05-0477 (La.2/22/06), 922 So.2d 517;
 
 State v. Robertson,
 
 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence.
 
 State v. Smith,
 
 94-3116 (La.10/16/95), 661 So.2d 442.
 

 The
 
 Jackson
 
 standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime.
 
 State v. Sutton,
 
 436 So.2d 471 (La.1983);
 
 State v. Parker,
 
 42,311 (La.App. 2d Cir.8/15/07), 963 So.2d 497,
 
 writ denied,
 
 07-2053 (La.3/7/08), 977 So.2d 896;
 
 State v. Owens,
 
 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610,
 
 writ denied,
 
 98-2723 (La.2/5/99), 737 So.2d 747.
 

 Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its | ^sufficiency.
 
 State v. Allen,
 
 36,180 (La.App. 2d Cir.9/18/02), 828 So.2d 622,
 
 writs denied,
 
 02-2595 (La.3/28/03), 840 So.2d
 
 *1185
 
 566, 02-2997 (La.6/27/03), 847 So.2d 1255,
 
 cert. denied,
 
 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
 

 In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion.
 
 State v. Wiltcher,
 
 41,981 (La.App. 2d Cir.5/9/07), 956 So.2d 769;
 
 State v. Burd,
 
 40,480 (La.App. 2d Cir.1/27/06), 921 So.2d 219,
 
 writ denied,
 
 06-1083 (La.11/9/06), 941 So.2d 35.
 

 The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law.
 
 State v. Casey,
 
 99-0023 (La.1/26/00), 775 So.2d 1022,
 
 cert. denied,
 
 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).
 

 First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon. La. R.S. 14:64.1(A). The state is required to prove that the offender induced a subjective belief in the victim that he was armed with a dangerous weapon and that the victim’s belief was objectively reasonable under the circumstances.
 
 State v. Fortune,
 
 608 So.2d 148 (La.1992);
 
 State v. Collier,
 
 39,882 (La.App. 2d Cir.8/17/05), 909 So.2d 654,
 
 writ denied,
 
 06-0251 (La.9/15/06), 936 So.2d 1256. The statute excludes unreasonable panic reactions by the victim, but otherwise allows the victim’s subjective beliefs to determine whether the offender has committed first degree robbery or the lesser offense of simple robbery in violation of La. R.S. 14:65.
 
 State v. Stills,
 
 34,740 (La.App. 2d Cir.6/20/01), 792 So.2d 782. Direct testimony by the victim that he believed the defendant was armed, or circumstantial inferences arising from the victim’s immediate surrender of his personal possessions in response to the defendant’s threats, may support a conviction for first degree robbery.
 
 State v. Fortune, supra; State v. Capíes,
 
 05-2517 (La.App. 1st Cir.6/9/06), 938 So.2d 147,
 
 writ denied,
 
 06-2466 (La.4/27/07), 955 So.2d 684. A victim’s statements that the defendant told her he was armed although she did not see the gun but could feel it has been held sufficient evidence to support a conviction of first degree robbery
 
 State v. Ballett,
 
 98-2568 (La.App. 4th Cir.3/15/00), 756 So.2d 587,
 
 writ denied,
 
 00-1490 (La.2/9/01), 785 So.2d 31.
 

 In this case, Dean testified that Thomas verbally threatened to kill him. This evidence could be believed under the circumstances after Dean was struck and is sufficient to establish that Thomas’s actions induced a subjective belief in Dean that he was armed with a dangerous weapon which was objectively reasonable under the circumstances. Additionally, Dean testified that he was struck with a blunt object, and that he had firsthand experience of knowing the difference whether he was being struck by a fist and a blunt object. Dean’s testimony was corroborated by the fact that a | Rblunt object, which appeared to be out of place, was found at the scene of the crime. The evidence was therefore sufficient to also prove the greater offense of armed robbery, and the trial court was at liberty to return the responsive verdict. On this record, the trial court’s credibility determinations are reasonable and will not be disturbed on appeal. This assignment is therefore without merit.
 

 Thomas also argues that the imposed sentence is constitutionally excessive
 
 *1186
 
 and should be vacated due to the trial court’s non-compliance with La.C.Cr.P. art. 894.1. In the alternative, Thomas requests that the sentence be vacated and the matter remanded for a hearing on his motions to reconsider sentence.
 

 After Thomas’s habitual offender guilty plea, the sentencing proceeding was held January 31, 2008, over five months following trial. At the hearing, the trial court correctly noted the sentencing range for a conviction of first degree robbery as a second felony offender as 20 to 80 years. The trial court specifically considered the statutory guidelines set forth in La.C.Cr.P. art. 894.1(A)(1) through (3), including Thomas’s criminal history of “some 24 arrests and five convictions.” In particular, the trial court noted the disturbance and fear caused by Thomas as he attempted to escape through downtown office buildings. In setting forth mitigating circumstances, the trial court reiterated that information was based upon evidence presented at trial because “absolutely nothing else” was provided by defense counsel. In mitigation, it noted only the injuries sustained by Thomas while he was being restrained before his arrest. After considering |flthe statutory guidelines, the trial court sentenced Thomas as a second felony offender to a term of 42 years.
 

 The defense filed a motion for appeal on February 26, 2008, and the order for appeal was signed by the trial court on February 28, 2008. Thomas timely filed a pro se motion to reconsider sentence on February 27, 2008. In the motion, Thomas argued that the imposed sentence was constitutionally excessive. He filed a second motion for reconsideration of sentence on March 12, 2008, arguing that the trial court was unaware of the fact that at the time of the offense, he was under “extreme stress and mental anxiety.” He argued that he was now a different man than the one who had appeared for sentencing and he expressed remorse for his actions. Thomas requested that the court consider these mitigating factors in reducing his sentence. On April 7, 2008, the trial court denied both of Thomas’s motions on the grounds that it had no authority to rule on the motions for reconsideration of sentence because of the pending appeal, citing La. C.Cr.P. art. 916.
 

 La.C.Cr.P. art. 916(3) provides that trial court jurisdiction is not divested for the correction of an illegal sentence or the taking of other appropriate action pursuant to a properly made or filed motion to reconsider sentence. According to La. C.Cr.P. art. 881.1(A), a defendant has thirty days following the imposition of sentence to file a motion to reconsider sentence. Further, La.C.Cr.P. art. 881.1(B), provides that “the trial court may resen-tence the defendant despite the pendency of an appeal.”
 

 hnThomas has correctly observed that the trial court erroneously concluded that it lacked jurisdiction to consider the merits of his timely filed (February 25, 2008) motion for reconsideration of sentence.
 
 [4]
 
 Because the merits of this motion have not been ruled upon, consideration of Thomas’s excessive sentence claim would be premature as the present sentence may be vacated by the trial court.
 
 [5]
 

 State v. Simmons,
 
 00-1037 (La.App. 5th Cir.2/28/01), 781 So.2d 821;
 
 State v. Schieffler,
 
 00-1166
 
 *1187
 
 (La.App. 5th Cir.2/13/01), 812 So.2d 7,
 
 writ denied,
 
 02-0712 (La.9/13/02), 824 So.2d 1188;
 
 State v. Winfrey,
 
 97-427 (La.App. 5th Cir.10/28/97), 703 So.2d 63,
 
 writ denied,
 
 98-0264 (La.6/19/98), 719 So.2d 481.
 
 See also, State v. J.R.S.C.,
 
 00-2108 (La.6/1/01), 788 So.2d 424. Accordingly, we remand the case to the trial court for a ruling on the merits of Thomas’s motion to reconsider sentence, reserving his right to appeal his sentence once the ruling is made.
 

 In a pro se brief, Thomas argues that the prior felonies upon which his habitual offender adjudication was based were more than ten years old. We find no merit to this argument. Any challenge to the previous conviction or adjudication which is not made before the sentence is imposed may not thereafter be raised to attack the sentence and is not preserved for appellate review. La. R.S. 15:529.1(D)(l)(b);
 
 State v. Gaddis,
 
 36,661 (La.App. 2d Cir.3/14/03), 839 So.2d 1258,
 
 writ denied,
 
 03-1275 (La.5/14/04), 872 So.2d 519,
 
 cert. denied,
 
 544 U.S. 926, 125 S.Ct. 1649, 161 L.Ed.2d 487 (2005);
 
 State v. Henry,
 
 36,217 (La.App. 2d Cir.8/14/02), 823 So.2d 1064;
 
 State v. Hunter,
 
 33,066 (La.App. 2d Cir.9/27/00), 768 So.2d 687,
 
 writs denied,
 
 00-3070 (La.10/26/01), 799 So.2d 1150, 01-2087 (La.4/19/02), 813 So.2d 424. No response by Thomas to the state’s amended second felony habitual* offender bill was filed, Thomas did not challenge the validity of the prior conviction before sentencing, and he pled guilty to being a second felony offender. Therefore, this issue is not preserved for review on appeal.
 
 [6]
 

 Conclusion
 

 For the foregoing reasons, Thomas’s conviction is affirmed. The case is remanded to the trial court for a ruling on Thomas’s motion to reconsider sentence.
 

 CONVICTION AFFIRMED; CASE REMANDED FOR RULING ON MOTION TO RECONSIDER SENTENCE.
 

 [1]
 

 . The court minutes correctly state that the sentence was ordered to be served “without
 
 *1183
 
 benefit of probation, parole or suspension of sentence.” Because the underlying offense denied the benefit of parole, the trial court erroneously imposed the sentence “without benefit of probation or suspension of sentence”
 
 State v. Mandosia,
 
 36,827 (La.App. 2d Cir.4/9/03), 842 So.2d 1252.
 

 [2]
 

 . After his arrest, Thomas received treatment for injuries sustained in the tussle, including a chest contusion and cervical strain.
 

 [3]
 

 . During the trial, a hearing was held on the free and voluntary nature of two statements made by Thomas to police while in custody. After trial, the court ruled that Thomas's statements were not freely and voluntarily made. Thus, any argument by Thomas that the statements were unreliable is moot.
 

 [4]
 

 . Because Thomas’s second motion for reconsideration of sentence was filed more than 30 days after his sentencing, the trial court correctly denied the motion.
 

 [5]
 

 . For the same reasons, consideration of Thomas's pro se argument that counsel was ineffective because he failed to present evidence to support a lesser sentence or allow him to apologize to the victim would also be premature.
 

 [6]
 

 . We consider the trial court’s failure to advise Thomas of his right to require the state to prove his identity as a multiple offender, and of his right to remain silent on January 23, 2007, to be harmless error. At a proceeding held November 28, 2007, Thomas agreed to admit to being a third felony offender, and was specifically advised of his right to a formal hearing, his right to require the state to prove his identity as a multiple offender, and his right to remain silent. Thus the proceedings as a whole accorded the defendant fundamental fairness and due process of law.
 
 State v. Harris,
 
 95-0900 (La.5/19/95), 654 So.2d 680.