GUIDRY, J.,
dissenting in part.
|,I disagree with the majority’s determination that because La. Ch. C. art. 909 allows a lower court, sitting in juvenile jurisdiction, to modify an order of disposition any time while the disposition is in force, that grant of authority thereby provides jurisdiction to this court to consider an appeal of a disposition rendered pursuant to a counseled plea agreement. Whereas the Children’s Code does not have a specific provision, such as La. C. Cr. P. art. 881.2 A(2), prohibiting appeal or review of a sentence imposed pursuant to a plea agreement, the Children’s Code does provide that where procedures are not provided for in that code, the court is mandated to proceed in accordance with the Code of Criminal Procedure. See La. Ch. C. arts. 104 and 803.
The fact that the lower court retains jurisdiction to modify a disposition is insufficient to establish the jurisdictional authority of this court to consider a disposition rendered in conformity with a counseled plea agreement. A lower court in adult criminal matters similarly retains jurisdiction to modify a sentence imposed, albeit within thirty days “or within such longer period as the trial court may set,” following imposition of the sentence for felony matters, and for misdemeanor matters, “at any time following commencement or execution” of 12sentence or “even following completion of execution of sentence.” See La. C. Cr. P. art. 881.1 A. Yet, despite a similar retention of jurisdiction, see State v. J.R.S.C., 00-2108 (La.6/1/01), 788 So.2d 424, 424-425, the Code of Criminal Procedure still mandates that a “defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement.” La. C. Cr. P. art. 881.2 A(2). Nor would this court have jurisdiction to entertain the appeal on the basis that the lower court denied the juvenile’s motion to modify the disposition, because only a judgment of disposition is appealable in juvenile cases. See La. Ch. C. art. 330; State in the Interest of Bemis, 459 So.2d 1227, 1228 (La.App. 1st Cir.1984).
Thus, I believe this court lacks jurisdiction to consider the juvenile’s appeal of the disposition imposed pursuant to La. C. Cr. P. art. 881.2 A(2), because the disposition was imposed was based on a counseled plea agreement. See State in the Interest of J.C.O., 38,661, p. 7 (La.App.2d Cir.6/2/04), 877 So.2d 1020, 1024-1025. Therefore, I respectfully dissent.